### In re HAWKINS CO., LTD., Debtor.

#### Bankruptcy No. 89–00033–11.

United States Bankruptcy Court, D. Idaho.

May 23, 1989.

**232**

James C. Tucker and Jerry Jensen, Nelson, Rosholt, Robertson, Tolman & Tucker, Boise, Idaho, for debtor.

Lloyd J. Walker, Twin Falls, Idaho, for several producers.

Thomas M. Robertson, Coleman, McIntyre & Ritchie, Twin Falls, Idaho, for several producers.

John M. Melanson, Weaver & Melanson, Buhl, Idaho, for several producers.

Richard D. Greenwood, Stephan, Slavin, Kvanvig & Greenwood, Twin Falls, Idaho, for several producers.

Jeffery J. Ventrella, Elam, Burke & Boyd, Boise, Idaho, for Dept. of Agriculture.

Larry E. Prince, Holland & Hart, Boise, Idaho, for Kent Taylor.

Gary L. McClendon, Boise, Idaho, for U.S. Trustee.

Terry L. Myers, Givens, McDevitt, Pursley, Webb & Buser, Boise, Idaho, for several producers.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Counsel for the debtor in this Chapter 11 case have filed an application for interim compensation. The motion is made under the provisions of 11 U.S.C. § 557 since the only funds available for payment of the fees are the proceeds of the beans stored in the debtor's warehouse. Several objections to this application have been filed by bean producers.

This Chapter 11 case is in the process of an "expedited determination of interests in, and abandonment or other disposition of grain assets" pursuant to 11 U.S.C. § 557.[1] The § 557 proceeding will determine the rights to the beans and bean proceeds. It has been alleged there are not enough beans and bean proceeds to cover the claims of those who have deposited their beans in the Hawkins' warehouse. If this should prove to be the case, the Hawkins bankruptcy estate would have no interest in either the beans or the bean proceeds.[2]

Section 557(h)(1) allows the trustee to recover from the sales proceeds "... the reasonable and necessary costs and expenses allowable under § 503(b) ... attributable to preserving or disposing of grain ... but may not recover from such ... proceeds ... any other costs or expenses."

▮ According to the remarks of Representative Glickman in the Congressional Record statements to the Bankruptcy Amendments Act of 1984, the congressional intent was to limit the trustee's fees to "... only fees necessary to cover the costs of preserving or disposing of the grain ..." I conclude the payment of fees of professional persons from the grain proceeds for work not directly related to the preservation or disposal of the grain is

---

1. Beans are included within the definition of grain under 11 U.S.C. § 557(b)(1).

2. *First National Bank of Smith Center, Kansas v. Nugent,* 72 B.R. 528, 530–31 (D.Kansas 1987). Where a deficiency exists in warehouse inventory such that the claims of all those holding ownership interests cannot be satisfied, the warehouse cannot claim any ownership interest in the inventory. Where the debtor is the warehouse, the estate can claim no interest in this inventory because the estate's interest flows from the interest of the warehouse.

ordinarily not within the provisions of § 557(h), and an award for payment of such should be considered only in exceptional circumstances as where, at the time the estate is to close, there is no other source of payment. In the present case, the beans either belong to the producers under a bailment theory, or, at the very least, the depositors have a lien on the beans where, as here, some of the beans are being sold. Thus, only those direct expenses necessary for preserving or disposing of the grain, as opposed to general administrative expenses, should be allowed. Attorney fees are not usually payable out of cash collateral or secured assets in other Chapter 11 cases. The result should not be different in cases where section 557 is implemented.

It further appears there may be, in the future, funds available from the sale of other assets in which the debtor may have a sufficient interest to allow payment of professional fees.

The application will be denied, without prejudice under the 120 day time limitation of Section 331, by separate order.